# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of | No. CV03-2164-PHX-DGC |
| Michael Harvey Lynn, | BK 00-08572 PHX GBN |
| Debtor | **ORDER** |
| Michael Harvey Lynn, | |
| Appellant, | |
| vs. | |
| Metwest Mortgage Services, Inc. | |
| Appellee. | |

Pending before the Court are Appellant's (1) motion to vacate the order entered on October 23, 2005 that affirmed the Bankruptcy Court's dismissal of his claim, (2) motion for clarification of the April 26, 2005 Order denying Appellant's Rule 60 motion to reconsider, (3) motion to extend time to file notice of appeal, and (4) motions requesting contempt charges against Appellee. Docs. ##32, 34, 35, 33, 36. Also before the Court is Appellee's motion for award of attorneys fees and costs pursuant to 28 U.S.C. §1927. Doc. #29.

**Background**

This case comes before the Court on appeal from Bankruptcy Judge George Nielsen's October 23, 2003 decision denying Appellant's motion for reconsideration of the dismissal of his case. On March 31, 2005, the Court affirmed the Bankruptcy Court's

1 October 23, 2003 decision. Doc. #27. On April 26, 2005, the Court denied Appellant's Rule
2 60 motion to reconsider. Doc. #31.

### Discussion

**A.  Appellant's Motion for Clarification of the April 26, 2005 Order.**

Appellant seeks clarification of the April 26 order that denied his motion for relief from the order entered on March 31. Doc. #31. Appellant appears to question (1) why he does not satisfy the Rule 60(b) requirements when he has not raised any issues different from those present in either his opening or reply brief and (2) why the Court will not consider his supplemental evidence from Dr. Sayegh, supporting his "extraordinary circumstances" claim, when the "issue of extraordinary circumstances was raised in [both] the Bankruptcy Court and in Appellant's opening and reply briefs." Doc. #34.

As stated in the April 26 order, motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what it has already considered. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). The Court may grant a motion for relief from judgment pursuant to Rule 60(b) only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263; *see* Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)).

Appellant raised no new issues in his motion for reconsideration. Doc. #34. Appellant admits that the Court had already considered the "issue of extraordinary circumstances. . . raised in the Bankruptcy Court and in Appellant's opening and reply briefs." *Id.* at 2. Because there was no newly discovered evidence presented in the motion, and the Court had already considered and ruled against Appellant's "extraordinary

circumstances" argument, the Appellant's motion for relief from the order entered on March 31, 2005 was properly denied. Doc. #31. No further clarification is required.

**B.     Appellant's Motions to Reconsider**.

On May 4, 2005, Appellant filed a motion to vacate the Court's March 31, 2005 order. Doc. #32.  Appellant also filed two motions asking the Court to hold Appellee's in contempt for Appellee's violation of bankruptcy code §524, for damages and punitive damages and for Rule 11 sanctions. Docs. #33, 36.  In the present motions, Appellant is merely asking the Court to again reconsider what the Court has already considered. Because there was no trial, the Court will construe all three of Appellant's motions as motions to alter or amend judgment pursuant to Rule 59(e) and for relief from judgment pursuant to Rule 60(b).

Appellant raises no new issues that have not already been raised and considered by the Court. The March 31, 2005, order held that (1) "the bankruptcy court did not err in finding that Appellee did not violate bankruptcy code §524 because Appellee's did not seek fees and sanctions against Appellant in his individual capacity," (2) the bankruptcy court did not "abuse its discretion in denying Appellant's motion for reconsideration," and (3) the bankruptcy court did not abuse its discretion in refusing to entertain issues previously adjudicated by the Maricopa County Superior Court.  Doc. #27 at 3-4.  In fact, the Court's April 26, 2005 order has already rejected a request to reconsider these issues. Doc. #31.  Appellant, again tills the ground he did on appeal and in his previous motion for reconsideration and has satisfied none of the grounds for relief set forth in Rules 59(e) and 60(b).  The Court will deny Appellant's motion to vacate and his motions for contempt against Appellee.

**C.     Appellee's Motion for Attorneys Fees, Pursuant to 28 U.S.C. § 1927**.

Appellee seeks an order pursuant to 28 U.S.C. §1927 awarding it attorneys fees and costs incurred as a result of Appellant's appeal from bankruptcy court. Doc. #37. Section 1927 provides that any "attorney [or pro se litigant] who so multiplies the proceeding in

1  any case unreasonably and vexatiously may be required by the court to satisfy personally
2  the excess costs, expenses, and attorneys' fees reasonably incurred because of such
3  conduct." 28 U.S.C. §1927; s*ee Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). The
4  imposition of sanctions under § 1927 requires a finding of bad faith. *See In re Keegan*
5  *Mgmt. Co., Sec. Litig,.* 78 F.3d 431, 436 (9th Cir. 1996). Bad faith is assessed under a
6  subjective standard. *See MGIC Indem. Corp. v. Moore,* 952 F.2d 1120, 1121-22 (9th Cir.
7  1991). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous
8  argument or argues a meritorious claim for the purpose of harassing an opponent." *Estate*
9  *of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (observing that a finding of bad faith
10 is crucial because a frivolous argument by itself is insufficient to support an award of
11 sanctions under §1927); *see Wages,* 915 F.2d at 1235-36.

12 The Appellee asserts that Appellant acted in bad faith because he unreasonably
13 and vexatiously multiplied the proceedings through "calculated legal maneuvers . . .
14 spanning the years of 1999-2004, in three different courts, whereby Appellant has made
15 concerted efforts to continually evade Appellee's actions to determine collectibility and
16 ultimately to execute a judgment and two separate orders for sanctions." Doc. #37.
17 Appellee complains that Appellant's "six year litigation campaign against [it]" has forced
18 it to invest significant "time and labor in planning the appeal strategy, researching the legal
19 issues, and drafting the response to Appellant's Opening Brief, Motion in Limine, and
20 Motion to Strike" for which they should be reimbursed. Doc. # 37.

21 Appellee seeks attorneys fees as a sanction against Appellant for the filing of his
22 appeal in this Court. Appellee does not seek reimbursement for fees and costs arising
23 subsequent to the Court's March 31 order, including Appellant's motion to vacate,
24 Appellant's contempt motions against Appellee, or Appellant's motion to extend time to
25 file notice of appeal. While the Court is sympathetic to the lengthy litigation between the
26 parties, § 1927 limits a federal court's ability to sanction an attorney for conduct occurring
27 in another court. *See Grid Sys. Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318 (9th Cir.
28

1   1994) (holding that a suit filed in state court is an entirely separate action and not subject
2   to the sanctioning power of the district court, and that § 1927 cannot reach the conduct of
3   a party who is not involved in an action before the sanctioning court at the time of the
4   conduct.)  Therefore, despite Appellee's citation to Appellant's litigious behavior in both
5   the state and bankruptcy courts, this Court will consider only whether Appellant's appeal
6   constituted bad faith.  Doc. #37.

7   Appellant has a right to appeal from a judgment, order, or decree of a bankruptcy
8   judge to a district court, pursuant to Rule 8001 of the Federal Rules of Bankruptcy
9   Procedure.  Appellant, on appeal, asserted that the bankruptcy court had abused its
10  discretion by (1) granting Appellee's Rule 59(a) motion to reconsider, (2) denying
11  appellant's motion for reconsideration, and (3) refusing to exercise jurisdiction over
12  Appellant's ERISA claim previously adjudicated by the Maricopa County Superior Court.
13  Doc. #9.  The Court cannot conclude that Appellant's exercise of his right of appeal was
14  so vexatious and frivolous as to rise to the level of bad faith, sufficient to warrant § 1927
15  sanctions.  Even though the Court was not persuaded by Appellant's argument on appeal,
16  Appellant was entitled to appellate review.  *See* Fed. R. Bankr.P. 8001.  Therefore, because
17  § 1927 sanctions requires a finding of bad faith, the Court will deny Appellee's request for
18  attorneys fees.

19  **D.     Appellant's Motion to Extend Time to File his Notice of Appeal.**

20  On May 25, 2005, Appellant filed a timely motion to extend time to file his notice of
21  appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  Doc. #35.  Notices
22  of appeal generally "must be filed with the district clerk within 30 days after the judgement
23  or order appealed from is entered."  Fed. R. App. P. 4(a).  Rule 4(a)(4)(B), however, tolls the
24  time within which Appellant must file his appeal providing in pertinent part:

25  > If a party files a notice of appeal after the court announces or enters a judgment – *but before it disposes of any motion listed in [FRAP] 4(a)(4)(A)* – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
26
27
28

1  Fed. R. App. P. 4(a)(4)(B)(i)(emphasis added). Moreover, a district court may extend the
2  time for filing a notice of appeal upon a showing of excusable neglect or good cause if the
3  party moves for an extension no later than thirty days after the appeal time has expired. Fed.
4  R. App. P. 4(a)(5)(A).

5  Appellant filed his first motion for reconsideration on April 19, 2005, within the
6  required ten days of the March 31, 2005 order that denied him relief on appeal from
7  bankruptcy court. Docs. ## 27-28. Within thirty days of the Court's denial of Appellant's
8  first motion for reconsideration on April 26, 2005, he filed a timely motion requesting an
9  extension of time for his appeal, in compliance with Rule 4(a)(5)(A) of the Federal Rules of
10 Appellate Procedure. Doc. #31. Therefore, because Appellant's motion for extension was
11 timely, the Court must decide whether or not Appellant has met his burden and shown
12 "excusable neglect" or "good cause" sufficient to justify granting his extension. *See* Rule
13 4(a)(5)(A)(ii).

14 Factors relevant to an excusable-neglect decision in a motion to extend the time for
15 filing a notice of appeal include "the danger of prejudice to the moving party, length of the
16 delay and its potential impact on judicial proceedings, reason for the delay, including
17 whether it was within the reasonable control of the movant and whether movant acted in
18 good faith." *Bishop v. Corsentino*, 371 F.3d 1203 (10th Cir. 2004) (quoting *City of Chanute*
19 *v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir, 1994)). The concept of good
20 cause is applied to a narrow class of cases in which "there is no fault – excusable or
21 otherwise . . . and the need for an extension is usually occasioned by something that is not
22 within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002
23 Amendments).

24 Appellant argues that if he filed his notice of appeal within the thirty days as required
25 by Rule 4(a), then this Court would have been divested of jurisdiction over the motions
26 pending at the time. Doc. #35. At the time of Appellant's filing of his motion to extend time
27 for appeal, the pending motions included: (1) Appellee's "motion for an award of attorneys
28

- 6 -

1 fees and non-taxable costs," (2) Appellant's "motion for appellee and its attorneys to be 2 held in contempt of court and for Rule 11 sanctions," (3) Appellant's "motion to vacate this 3 court's order entered on March 31, 2005," and (4) Appellant's motion for "clarification of the 4 order entered on April 26, 2005 ."

5 In effect, Appellant argues that the appeal time should be extended so that this Court 6 can consider his repeated motions for reconsideration and his motions for sanctions against 7 Appellee. While the Court might be more inclined to grant such an extension to a pro se 8 litigant unfamiliar with court procedures and relevant arguments, Appellant is an attorney. 9 Although not currently practicing, Appellant has legal training and is familiar with the court 10 procedures. Appellant chose to file repetitive motions in district court instead of filing a 11 timely notice of appeal. He knowingly assumed the risk that this Court might deny his 12 request for an extension of time for lack of good cause or excusable neglect.

13 The Court concludes that Appellant's repetitive motions and request for sanctions 14 do not constitute good cause or excusable neglect for extending the time for appeal. When 15 the motions were filed the Court had already addressed the merits of Appellant's arguments 16 twice. Appellant should have filed a timely notice of appeal if he intended to seek appellate 17 review rather than continuing to litigate repetitively and unnecessarily in district court. 18 Because Appellant has failed to show circumstances beyond his control or other good 19 cause or excusable neglect that prevented him from filing a timely notice, the Court will deny 20 his request for an extension of time to file a notice of appeal.

21 **IT IS ORDERED**:

22 1. Appellant's Motion to Vacate Court's Order filed 3/31/05 (Doc. #32) is **denied**.

23 2. Appellee's Motion for Attorney Fees and Costs (Doc. #29) is **denied**.

24 3. Appellant's Motion for Clarification of this Court's Order Entered April 26, 25 2005 (Doc. #34) is **granted**.

26 4. Appellant's Motion to Extend Time to File Notice of Appeal (Doc. #35) is 27 **denied**.

28

5. Appellant's Motion for Appellee and its counsel to be held in contempt of court for its violation of Bankruptcy Code Section 524, for damages and punitive damages, and for Rule 11 sanctions (Doc. # 33) is **denied**.

6. Appellant's motion for entry of order holding the appellee and its attorneys in contempt of court and entering judgment against them for damages and punitive damages (Doc. #36) is **denied**.

7. Appellee's Motion to Strike (Doc. #39) is **denied** as moot.

8. Appellant's Motion to Strike Appellee's Reply to Response Motion (Doc. #46) is **denied** as moot.

Dated this 28th day of September, 2005.

*David G. Campbell*
David G. Campbell
United States District Judge

- 8 -